■ RYAN POWER, an Infant, by His Father and Natural Guardian, JOHN POWER, et al., Plaintiffs, v THOMAS RHODES et al., Defendants, and INGOT PRODUCTS, INC., Defendant and

Third-Party Plaintiff-Respondent. INGOT PRODUCTS, Third-Party Defendant; HERMAN MARTIN, Doing Business as INGOT PRODUCTS, INC., Third-Party Defendant-Appellant. (And a Fourth-Party Action.)—In an action to recover damages for personal injuries, etc., the third-party defendant Herman Martin appeals (1) from an order of the Supreme Court, Suffolk County (Orgera, J.), entered May 5, 1986, which denied his motion to dismiss the third-party complaint insofar as it is asserted against him, (2) from so much of an order of the same court (Cohalan, J.), dated June 25, 1987, as denied his motion for summary judgment dismissing the third-party complaint insofar as it is asserted against him, and (3) as limited by his brief, from so much of an order of same court, dated December 10, 1987, as, upon reargument, adhered to the original determination denying his motion for summary judgment.

Ordered that the order entered May 5, 1986, is reversed, on the law, the motion to dismiss is granted, and the third-party complaint is dismissed insofar as it is asserted against the appellant; and it is further,

Ordered that the appeals from the orders dated June 25, 1987, and December 10, 1987, respectively, are dismissed as academic in light of the determination on the appeal from the order entered May 5, 1986; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant, who is not a domiciliary of this State, moved to dismiss the third-party complaint insofar as it is asserted against him for lack of jurisdiction on the ground that he has never conducted or transacted business within the State of New York as an individual or as a sole proprietorship (CPLR 302 [a]). Since no facts were presented in opposition to the motion to contradict his claim, the motion should have been granted (CPLR 3211 [a] [8]). Mangano, J. P., Kooper, Sullivan and Harwood, JJ., concur.